UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>              Plaintiff,<br><br>       v.<br><br>TOON,<br><br>              Defendant. | Case No. 1:19-cv-01027-JLT-BAK (EPG) (PC)<br><br>ORDER VACATING ORDER SCHEDULING SETTLEMENT CONFERENCE AND WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 41, 42) |

Michael De'Andrae Flowers ("Plaintiff") filed his original complaint in this case on July 29, 2019. (ECF No. 1.) After screening the complaint and first amended complaint, on August 24, 2021, the Court allowed Plaintiff's medical indifference claims asserted against Correctional Officer Toon (Defendant) and Does 1–3[1] to proceed past screening. (ECF No. 22.)

On December 14, 2021, the Court issued an order referring the case to post-screening Alternative Dispute Resolution. (ECF No. 31.) The order imposed a stay of ninety days for the parties to investigate Plaintiff's claims and to meet and confer. The Court advised that, if "either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference." (*Id.*) The Court ordered each of the parties to file a Notice of Settlement "indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time." (*Id.*)

---

[1] The Court granted Plaintiff leave to identify the Doe defendants and to file a notice of substitution naming these defendants. (ECF No. 37.) However, Plaintiff did not file such a notice of substitution.

On January 27, 2022, Defendant Toon filed the notice selecting "yes" to the question, "The party believes that an early settlement conference would be productive and wishes to engage in an early settlement conference." (ECF No. 38.) After reviewing this and the parallel submission of Plaintiff, (ECF No. 39), the Court extended the stay and scheduled a settlement conference for May 26, 2022. (ECF Nos. 40, 41.)

On May 23, 2022, the Court received Defendant's confidential settlement conference statement. (*See* ECF No. 46.) Without revealing the substance of the filing, the statement made clear to the Court that Defendant did not intend to engage in any settlement negotiations at this time. Instead, Defendant indicated its hope that the Court would use the conference to convince Plaintiff to dismiss the lawsuit, without receiving any compensation. The Court confirmed by Defendant's intention by email.

It is not worth the time and resources of the parties and the Court to participate in a settlement conference if one party does not intend to settle the case. Asking the Court to convince a party to abandon its position without compensation is not a good-faith settlement position. For that reason, the Court cancelled the settlement conference.

The Court apologizes to Plaintiff and his institution of confinement for the late notice regarding the cancellation. The Court is respectful of the parties' time and the burden on the institution of confinement for arranging these settlement conferences. If it had understood Defendant's position earlier, the Court would not have set the conference and would have proceeded to schedule the case promptly.

Accordingly, the Court HEREBY ORDERS that the order scheduling settlement conference, (ECF No. 41), and the writ of habeas corpus to produce Plaintiff to appear for the settlement conference by video, (ECF No. 42), are VACATED.

IT IS SO ORDERED.

Dated: **May 26, 2022**             /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

2