UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>        Plaintiff,<br><br>    v.<br><br>TOON, et al.,<br><br>        Defendants. | Case No.  1:19-cv-01027-JLT-BAK (EPG) (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE UNIDENTIFIED DEFENDANTS<br><br>(ECF No. 52)<br><br>AUGUST 5, 2022, DEADLINE<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

**I.    BACKGROUND**

Plaintiff Michael De'Andrae Flowers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  This action proceeds on Eighth Amendment medical indifference claims against Defendant Toon and Does 1–3 raised in the first amended complaint.  (ECF Nos. 14, 15, 21.)

**II.    SUBSTITUTION OF DOE DEFENDANTS**

The Court previously granted Plaintiff leave to issue subpoenas to discover the identity of Does 1–3 and ordered Plaintiff to file a notice of substitution by June 24, 2022. (ECF Nos. 23, 37.)  Plaintiff filed the instant motion for an extension of time "to serve subpoenas on doe defendants."  (ECF No. 52.)  Plaintiff signed the motion on June 22, 2022, but it was not filed

with the Clerk until June 27, 2022.  (*Id.*)  On June 30, 2022, the U.S. Marshals Service filed a return of service, indicating that the subpoena was personally served on Fresno County Jail on June 23, 2022.  (ECF No. 54.)  Because the subpoena was not served until the day before Plaintiff's deadline to file a notice of substitution, there is good cause to grant Plaintiff additional time file the notice of substitution.[1]

Fresno County Jail is required to produce responsive documents within fourteen days of service, or July 7, 2022.  (*See* ECF No. 50.)  Upon receiving the identities of the Doe defendants, Plaintiff must file a notice of substitution in order for these defendants to be served.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for an extension of time, (ECF No. 52), is GRANTED.  Plaintiff shall file a notice of substitution that provides individual names for "Does 1–3" on or before August 5, 2022.

## III.   EXCHANGE OF DOCUMENTS

On May 26, 2022, the Court issued an order requiring the parties to file scheduling and discovery statements.  (ECF No. 48).  The parties have now filed their statements.  (ECF Nos. 51, 53.)  The Court has reviewed this case and the parties' statements.  In an effort to secure the just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain documents central to the dispute be produced promptly.[3]

Accordingly, IT IS FURTHER ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the

---

[1] Although Plaintiff captioned his motion as seeking additional time to serve subpoenas on the Doe defendants, the Court liberally construes the motion as a request for additional time to file the notice of substitution as previously ordered.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

       extent the parties have not already done so:

          a. Documents regarding exhaustion of Plaintiff's claims.

          b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[4]

          c. All of Plaintiff's medical records related to the incident and/or condition at issue in the case.

          d. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).[5]

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a

---

[4] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

[5] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

response.  If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated:   **July 7, 2022**                              /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE