UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOON, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:19-cv-01027-JLT-CDB (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY AND GRANTING PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SUBSTITUTE DOE DEFENDANTS<br><br>(ECF Nos. 64, 67)<br><br>**FORTY-FIVE (45) DAY DEADLINE**<br><br>ORDER GRANTING DEFENDANT'S REQUEST *NUNC PRO TUNC* FOR MODIFICATION OF SCHEDULING ORDER<br><br>(ECF No. 65)<br><br>**NINETY (90) DAY DEADLINE** |

　　　Plaintiff Michael De'Andrae Flowers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  This action proceeds on Eighth Amendment medical indifference claims against Defendant Toon ("Defendant") and Does 1–3 raised in the first amended complaint.  (ECF Nos. 14, 15, 21.)

**I.　　DISCOVERY**

　　　The Court previously granted Plaintiff leave to issue subpoenas to discover the identities of Does 1–3 and ordered Plaintiff to file a notice of substitution by June 24, 2022.  (ECF Nos.

23, 37.) Upon motions by Plaintiff, the Court granted three extensions of this deadline through October 24, 2022. (ECF Nos. 52, 56, 63.)

Plaintiff has filed a motion seeking to conduct additional discovery to make the substitutions. (ECF No. 64.) Plaintiff states Defendant objected to his discovery requests[1] because they are compound and exceed the fifteen-interrogatory limit. As grounds, Plaintiff states only that he is a *pro se* litigant with limited resources and "additional discovery would be very helpful." (*Id.*) Defendant did not file a response in opposition.

In the scheduling order, the Court advised that the parties were each limited to fifteen interrogatories, fifteen requests for production of documents, and fifteen requests for admission. (ECF No. 55 at ¶ I.2.) A *pro se* plaintiff is entitled to some leniency in making a showing of his need for discovery. *See O'Connor v. Perez*, No. 2:18-cv-1057 DB P, 2020 WL 1030850, at *2 (E.D. Cal. Mar. 3, 2020) (citations omitted), *recons. denied*, No. 2:18-cv-1057 DB P, 2020 WL 6928651 (E.D. Cal. Sept. 1, 2020). Although a *pro se* litigant is not required to make a "particularized showing" that he should be granted leave to propound additional interrogatories, he must nonetheless demonstrate good cause. *Brown v. Chothia*, No. 1:19-cv-00352-EPG (PC), 2020 WL 6060682, at *1 (E.D. Cal. Oct. 14, 2020) (citing *McNeil v. Hayes*, No. 1:10-cv-01746-AWI-SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014); Fed. R. Civ. P. 26(b)(1)). An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories. *Brown*, 2020 WL 6060682, at *1 (citing *McNeil*, 2014 WL 1125014, at *2).

Here, Plaintiff has not attached to his motion the interrogatories propounded and Defendant's responses. Because the Court is unable to review this discovery, it cannot assess the propriety of Defendants' responses, whether good cause exists to grant Plaintiff leave to propound additional interrogatories, or the availability of the information through other discovery tools. Plaintiff has not met his burden to show good cause for additional discovery, and thus, his motion is denied without prejudice.

---

[1] Plaintiff does not specify what kind of discovery is at issue. The motion appears to concern interrogatories.

2

## II. SUBSTITUTION OF DOE DEFENDANTS

Plaintiff has also requested additional time to substitute the Doe defendants. Plaintiff states he requested "discovery of video of the doe defendants and has not received the request." (ECF No. 67.) Because the Plaintiff has again neglected to attach his discovery request, the Court is unable to discern the nature of Plaintiff's request and the adequacy of Defendant's response, if any.

However, because Plaintiff's efforts were apparently hampered by his COVID-19 infection and a transfer to another institution, the Court will grant Plaintiff an additional thirty days to substitute the Doe defendants with their actual names.

## III. MODIFICATION OF SCHEDULING ORDER

Defendant has filed a motion seeking a ninety-day extension of the October 5, 2022, deadline for filing a motion for summary judgment based on exhaustion. (ECF No. 65.) In support of his request, Defendant submits the declaration of Richard E. Burchett Jr., counsel for Defendant, who states he has been diligently investigating Plaintiff's exhaustion of remedies at the Fresno County Jail ("FCJ"). His efforts are impeded by extended absences of necessary contacts at FCJ and a change of the healthcare contractor at FCJ. Moreover, because of his inability to obtain historical data through the usual means, counsel foresees the necessity to depose Plaintiff and propound written discovery related to the issue of exhaustion of remedies.

Defendant has made no prior requests for modification of the scheduling order, nor has he objected to Plaintiff's multiple requests for extensions of time. Plaintiff has not filed a response in opposition to Defendant's request, and modification of the scheduling order accommodates Plaintiff's request for additional time to discover and name the Doe defendants. Therefore, Defendant's request for an additional ninety days to file an exhaustion motion is granted *nunc pro tunc*.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for additional discovery (ECF No. 64) is DENIED without prejudice.

2. Plaintiff's fourth motion for an extension of time to substitute the Doe defendants (ECF No. 67) is GRANTED *nunc pro tunc*. **Within forty-five (45) days** from the date of service of this order, Plaintiff shall file a notice of substitution that provides individual names for the Doe defendants. Failure to do so may result in a recommendation to dismiss the unidentified, unserved defendants.

3. Defendant's motion for modification of the scheduling order (ECF No. 65) is GRANTED. Any motions based on non-exhaustion of administrative remedies must be filed **within ninety (90) days** from the date of service of this order.

**No further extensions of time will be granted absent a showing of good cause.**

IT IS SO ORDERED.

Dated: __**November 15, 2022**__          _____
                                          UNITED STATES MAGISTRATE JUDGE