UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>Plaintiff,<br><br>v.<br><br>TOON, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01027-JLT-CDB (PC)<br><br>ORDER TO SHOW CAUSE REQUIRING RESPONSES FROM THE PARTIES<br><br>(ECF Nos. 64, 65)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael De'Andrae Flowers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. The pleadings suggest that each party has had difficulty obtaining requested discovery, but the nature of the discovery sought is unclear. Each party is therefore ordered to show cause why they should not be compelled to provide responses to outstanding discovery.

**I.     PROCEDURAL HISTORY**

The Court previously granted Plaintiff leave to issue subpoenas to discover the identities of Does 1–3 and ordered Plaintiff to file a notice of substitution within ninety days, or by December 9, 2021. (ECF No. 23.) On December 14, 2021, the Court referred the case to post-screening alternative dispute resolution and stayed the matter for ninety days, or until March 14, 2022. (ECF No. 31.) The Court noted: "Because the case is stayed, the Court will not act on a motion for service of the subpoenas until the stay is lifted." (*Id.* at 2 n.3.)

1    On January 13, 2022, Plaintiff requested an extension of the deadline, stating he was
2 unable to obtain subpoena forms from the prison law library and the Clerk of Court.  (ECF No.
3 36.)  The Court granted Plaintiff a five-month extension of time to substitute the Doe defendants,
4 or by June 24, 2022, and directed the Clerk to send subpoena forms to Plaintiff.  (ECF No. 37.)
5 Plaintiff submitted the subpoenas, which requested "[d]uty rosters for C/Os who worked at the
6 Fresno County Jail, north jail, fourth floor on 5/11/18–5/14/2018 and those who **responded** to
7 the riot on 5/11/18."  (*See* ECF No. 50 (alteration in original).)  The Court ordered the United
8 States Marshals Service to serve the *subpoena duces tecum* on the Litigation Coordinator at
9 Fresno County Jail.  (*Id.*)  The Court further ordered the Fresno County Jail to provide the
10 responsive documents directly to the Plaintiff or emailed to the temporarily assigned magistrate
11 judge.  (*Id.*)

12    On June 27, 2022, Plaintiff filed a second motion for an extension of time.  (ECF No. 52.)
13 Plaintiff indicated he was waiting for the Fresno County Sheriff's response to the subpoena
14 recently ordered by the Court.  (*Id.*)  The Court ordered Fresno County Jail to produce responsive
15 documents by July 21, 2022, and ordered Plaintiff to file the notice of substitution by August 5,
16 2022. (ECF No. 56 at 2.)  The Court ordered the parties to produce copies of documents and/or
17 evidence in their possession, custody, or control, including documents regarding exhaustion of
18 Plaintiff's claims; witness statements and evidence generated from investigations of Plaintiff's
19 claims; and "[v]ideo recordings and photographs related to the incident(s) at issue in the
20 complaint, including video recordings and photographs of Plaintiff taken following the
21 incident(s)."  (*Id.* at 2–3.)  The parties were granted sixty days to object to requests for
22 production and fourteen days to respond to objections.  (*Id.* at 3–4.)

23    On August 16, 2022, Plaintiff filed a third motion for an extension of time to substitute
24 the Doe defendants.  (ECF No. 59.)  Plaintiff advised that he received the duty roster he
25 subpoenaed.  However, the document was heavily redacted and included many correctional
26 officers ("COs") he had never encountered.  (*Id.*)  Plaintiff stated that he "has recently requested
27 the specific names of the officers who questioned the injured inmates involved in the riot in the
28 Fresno County Jail who were transported to the fourth floor gym in the Fresno County Jail on

5/11/2018." (*Id.* at 2.) The Court found good cause to extend the deadline through September 14, 2022. (ECF No. 60.)

On September 16, 2022, Plaintiff sought a fourth extension of time. (ECF No. 62.) Plaintiff stated that on July 21, 2022, he requested the names of the COs who transported injured inmates to medical from the gym and the names of COs who photographed and catalogued the injuries of inmates involved in the riot. (*Id.*)

In his request for additional discovery, Plaintiff states that he received discovery responses from defense counsel on September 13, 2022. (ECF No. 64.) Counsel "repeatedly" objected to "some" of Plaintiff's requests because they are compound and over the fifteen-request limit. (*Id.*) Plaintiff further states that he requested "discovery of video of the doe defendants" but has not received a response. (ECF No. 67.)[1]

**II.    DISCUSSION**

**A.    DOE DEFENDANTS**

The pleadings indicate that Plaintiff has diligently sought the names of the unknown COs who interacted with him during and after the riot. Because Plaintiff has not submitted copies of his discovery requests and Defendant's responses, the Court has been unable to ascertain what discovery tools Plaintiff has used and what discovery requests remain outstanding. To move this case forward by substituting or dismissing the Doe defendants, the Court directs Plaintiff to report in a filing what discovery he still needs and to attach copies of discovery requests and responses concerning the Doe defendants.

Moreover, because Defendant did not object to any of Plaintiff's motions, the Court cannot determine the adequacy of Defendant's responses to Plaintiff's requests. Therefore, the Defendant is ordered to show cause why he should not be compelled to respond to outstanding discovery propounded by Plaintiff.

**B.    PLAINTIFF'S DELAYS**

In his request for modification of the scheduling order, Defendant states that "Plaintiff[] appears so far to be causing delays in his receipt of discovery sent by Defendant." (ECF No. 65

---

[1] By separate order this same date, the Court has ruled on Plaintiff's motions for additional discovery and time to substitute the Doe defendants.

3

at ¶ 6.) Because this statement concerns the extensions of deadlines requested by each party, Defendant is further ordered to expound this allegation of delay caused by Plaintiff.

### III.     CONCLUSION

Accordingly, it is HEREBY ORDERED:

1.     **Within fourteen (14) days**, Defendant shall show cause why this Court should not compel Defendant to respond to any outstanding discovery requests or allow Plaintiff to conduct additional discovery. Defendant's response to this order to show cause must further explain the source and nature of the delay that Defendant claims Plaintiff is causing in connection with his receipt of discovery responses.

2.     **Within fourteen (14) days**, Plaintiff shall identify in a filing any additional discovery materials and documents he seeks to facilitate substitution of the Doe defendants, and to attach copies of discovery requests and responses concerning the Doe defendants.

IT IS SO ORDERED.

Dated:   **November 15, 2022**                          _____
                                                         UNITED STATES MAGISTRATE JUDGE

4