UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOON, *et al.*,<br><br>　　　　Defendants. | Case No.  1:19-cv-01027-JLT-CDB (PC)<br><br>ORDER DISCHARGING ORDERS TO SHOW CAUSE AS TO DEFENDANT<br><br>(Docs. 69, 72)<br><br>REPORT AND RECOMMENDATION TO DISMISS DOE DEFENDANTS<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael De'Andrae Flowers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  This action proceeds on Eighth Amendment medical indifference claims against Defendant Toon ("Defendant") and Does 1–3 ("Doe defendants") raised in the first amended complaint.  (Docs. 14, 15, 21.)

**I.    RELEVANT PROCEDURAL HISTORY**

On June 7, 2021, the Court screened the first amended complaint and entered an order requiring Plaintiff to file a response.  (Doc. 15.)  Plaintiff filed a notice that he wished to proceed only on his deliberate indifference claims against CO Toon and Does 1–3 and (2) dismiss his claims against all other defendants.  (Doc. 18.)

On September 10, 2021, this Court entered an Order granting Plaintiff ninety days to identify the Doe defendants.[1] (Doc. 23.) On December 14, 2021, the Court entered an Order referring the case to post-screening Alternative Dispute Resolution ("ADR") and staying the case for ninety days. (Doc. 31.)

On January 13, 2022, Plaintiff filed an untimely motion for an extension of time to serve the unidentified Doe defendants and for the subpoena forms required. (Doc. 36.) The Court granted the motion; ordered Plaintiff to file a notice of substitution by June 24, 2022; and directed the Clerk of Court to send subpoena forms to Plaintiff. (Doc. 37.) The Court noted: "Because the case is stayed, the Court will not act on a motion for service of the subpoenas until the stay is lifted." (*Id.* at 2 n.3.)

On May 25, 2022, the Court cancelled the settlement conference that had been scheduled for the following day. (*See* Docs. 41, 47, 49.) The ADR cancellation and the Court's accompanying order requiring the parties to file scheduling and discovery statements, effectively lifted the stay. (*See also* Docs. 47–49.)

## II. DISCOVERY AND SUBSTITUTION OF DOE DEFENDANTS

On June 6, 2022, the Court directed the service of a subpoena submitted to the Clerk of Court by Plaintiff. (Doc. 50.) The subpoena requested "[d]uty rosters for C/Os who worked at the Fresno County Jail, north jail, fourth floor on 5/11/18–5/14/2018 and those who responded to the riot on 5/11/18." (*Id.* at 2.) On June 27, 2022, Plaintiff moved for a second extension of time to substitute the Doe defendants. (Doc. 52.) The Court granted the extension and ordered Plaintiff to file a notice of substitution on or before August 5, 2022. (Doc. 56.)

On August 16, 2022, Plaintiff filed a third motion for extension of time, indicating that he received a response but was unable to ascertain the names of the Doe defendants due to heavy redactions and inclusion of names of COs he had never encountered. (Doc. 59.) The Court granted the motion and afforded Plaintiff an additional 30 days. (Doc. 60.)

On September 16, 2022, Plaintiff filed a fourth request for an extension of time because

---

[1] As indicated in the Court's order of January 25, 2022, (Doc. 37 at 1 n.1), the order was properly directed toward the identification of Does 1–3; however, the order is mis-captioned as an order to identify Jane Doe. (*See* Doc. 23.)

2

Defendants had not produced requested names of COs who photographed and catalogued inmate injuries from the riot, and the Court granted Plaintiff an additional 30 days. (Docs. 62, 63.) The day after granting Plaintiff's motion for 30 additional days within which to identify the Doe Defendants (*i.e.,* September 23, 2022), Plaintiff filed a motion seeking additional discovery in which he stated that, in discovery responses he received from defense counsel on September 13, 2022, counsel "repeatedly" objected to "some" of Plaintiff's requests because they are compound and over the fifteen-request limit. (Doc. 64.)

On November 9, 2022, Plaintiff filed a fifth request for an extension of time, indicating that he requested discovery of a video of the Doe defendants but had not received a response. (Doc. 67.)

### III.   ORDERS TO SHOW CAUSE

To resolve existing discovery disputes, on November 16, 2022, the Court entered an order to show cause requiring (1) Plaintiff identify in a filing any additional discovery materials and documents he seeks to facilitate substitution of the Doe defendants, and to attach copies of discovery requests and responses concerning the Doe defendants; (2) Defendant to show why he should not be compelled to respond to outstanding discovery requests or allow Plaintiff to conduct additional discovery; and (3) Defendant to explain the nature and source of any delays allegedly caused by Plaintiff. (Doc. 69.) The parties' responses were due within 14 days. (*Id.* at 4.)

Plaintiff failed to respond to the order to show cause. Therefore, the order to show cause is not discharged as to Plaintiff. Given this and given the numerous extensions of time the Court has granted Plaintiff to identify Doe defendants, Plaintiff may not pursue further discovery regarding the Doe defendants.

On November 22, 2022, Defendant filed a response to the show cause order providing a detailed account of discovery exchanged by the parties. (Doc. 70.) The Court is satisfied with counsel's representations, and accordingly, the order to show cause is discharged. (*See* Doc. 69, 72.)

On December 9, 2022, Defendant filed a request for modification of the scheduling order,

which the Court granted.  (Docs. 71, 72.)  However, in his declaration in support of the request for modification, counsel made a statement about the identity of the Doe defendants, about which the Court needed clarification.  (*Id.*)  Therefore, the Court entered a further order to show cause directed at Defendant.  (Doc. 72.)  Defendant filed a timely response (Doc. 73), which the Court finds satisfactory.  This order to show cause also is discharged.

**IV.     REPORT AND RECOMMENDATION**

The Court first ordered Plaintiff to substitute the Doe defendants on September 10, 2021.  (Doc. 23.)  After diligent discovery efforts and numerous extensions of time, Plaintiff has been unable to identify the Doe defendants and file a notice of substitution.  In the most recent order granting an extension of time, on November 16, 2022, the Court granted Plaintiff 45 days, or by January 3, 2023, to identify and substitute the Doe defendants.  (Doc. 68.)

Plaintiff has failed to file a notice of substitution as ordered, and the time to do so has passed.  The Court finds that additional discovery and time will not yield the names of the COs sought.

Additionally, Plaintiff has failed to serve the Doe defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure, which provides: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Where Plaintiff has failed to effect service in accordance with Rule 4(m) and has failed to comply with the orders instructing him to identify the defendant, dismissal of a Doe defendant is warranted.  *See Williby v. California*, 276 F. App'x 663, 665 (9th Cir. 2008) (holding district court's sua sponte dismissal of Doe defendants was merited where plaintiff had failed to identify defendants within allotted discovery period).

Given Plaintiff's failure to identify and substitute the unknown COs despite the effort and time expended, the Court recommends the dismissal of the Doe defendants to advance the litigation.

/ / /

**V.      CONCLUSION**

Accordingly, it is HEREBY ORDERED that the orders to show cause (Docs. 69, 72) are discharged as to Defendant Toon only.

Further it is HEREBY RECOMMENDED that the Court dismiss Does 1–3 from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2023**

UNITED STATES MAGISTRATE JUDGE