UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE'ANDRAE FLOWERS,<br><br>         Plaintiff,<br>    v.<br>TOON,<br><br>         Defendant. | Case No. 1:19-cv-01027-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 47)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael De'Andrae Flowers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Defendant Zachary Toon filed a motion for summary judgment ("MSJ"). (Doc. 83.) Plaintiff has not filed a response in opposition to the motion. Therefore, the Court deems the MSJ as unopposed. For the following reasons, the Court recommends granting summary judgment in Defendant's favor.

**I.     PROCEDURAL HISTORY**

This matter proceeds on Plaintiff's first amended complaint ("FAC") on a single claim of Eighth Amendment medical indifference against Defendant Toon, a Correctional Officer ("CO") employed by the Fresno County Sheriff's Department. (Docs. 14, 22.)

On January 31, 2023, the Court entered an order dismissing the Doe Defendants. (Doc. 76.) On March 9, 2023, the order was returned by the U.S. Postal Service as "Undeliverable,

Unable to Forward."[1] Subsequent orders were not returned as undeliverable. (Docs. 79, 81.)

On May 5, 2023, Defendant filed a motion for summary judgment, which was served on Plaintiff as follows:

> Michael De'Andrae Flowers, #BG3184
> Deadwood Conservation Camp #23
> 17148 McAdams Creek Road
> Fort Jones, CA 96032-9772

(Doc. 83 at 3.) Defendant provided Plaintiff notice of what is required to oppose an MSJ in accordance with *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (Doc. 83-3.)

After Plaintiff failed to file a timely response to the MSJ, on May 22, 2023, the Court entered an order requiring Plaintiff to file, within fourteen days, a response in opposition or a notice of non-opposition to the motion in accordance with Local Rule 260(b). (Doc. 86 at 2.) The Court advised: "If Plaintiff fails to comply, the Court will issue findings and recommendations on the motion for summary judgment as unopposed and without further notice to Plaintiff." (*Id.*) The Clerk of Court was directed to serve a copy of the order on Plaintiff at the Deadwood Conservation Camp address. (*Id.*)

Plaintiff has failed to respond to the Court's order or to Defendant's MSJ.

I.   **LEGAL STANDARDS**

  A.   **Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1987).

The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving

---

[1] Plaintiff has failed to update his address with the Court within sixty-three days of mail being returned as undeliverable as required by Local Rule 183(b).

2

1 party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot
2 produce evidence to support an essential element of his claim that must be proven at trial. *Id.*;
3 Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the
4 non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at
5 322–23.

6     If the moving party meets this initial showing, the burden shifts to the non-moving party
7 to establish "specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 250. The
8 non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit.
9 *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. The
10 nonmoving party must go beyond the pleadings and set forth specific facts, by affidavits,
11 deposition testimony, documents, or discovery responses, showing there is a genuine issue that
12 must be resolved by trial. *See* Fed. R. Civ. P. 56(c)(1); *Pac. Gulf Shipping Co. v. Vigorous*
13 *Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021). A mere "scintilla of evidence" in
14 support of the nonmoving party's position is insufficient. *In re Oracle Corp. Sec. Litig.*, 627 F.3d
15 376, 387 (9th Cir. 2010).

16     "Where the record taken as a whole could not lead a rational trier of fact to find for the
17 non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*
18 *Corp.*, 475 U.S. 574, 587 (1986). When deciding a motion for summary judgment, the court must
19 view any inferences drawn from the underlying facts in a light most favorable to the non-moving
20 party. *Id.* Moreover, the Ninth Circuit has "held consistently that courts should construe liberally
21 motion papers and pleadings filed by *pro se* inmates and should avoid applying summary
22 judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v.*
23 *Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)).

24     While prisoners are relieved from strict compliance, they still must "identify or submit
25 some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified
26 complaint may serve as an affidavit in opposition to summary judgment if based on personal
27 knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14
28 (9th Cir. 2000) (en banc). However, a complaint's conclusory allegations, unsupported by

3

specifics facts, will not be sufficient to avoid summary judgment. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir. 2001). Where a plaintiff fails to challenge the facts asserted by the defendant properly, the plaintiff may be deemed to have admitted the validity of those facts. *See* Fed. R. Civ. P. 56(e)(2).

### B. Eighth Amendment Medical Indifference

When a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the

4

1   victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. Cnty. of Kern*, 45 F.3d 1310,
2   1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to
3   serious medical needs. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally,
4   a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate
5   indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

6   The complete denial of medical attention may constitute deliberate indifference. *Toussaint
7   v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or
8   interference with medical treatment, may also constitute deliberate indifference. *Lopez*, 203 F.3d
9   at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to
10  further injury. *See McGuckin*, 974 F.2d at 1060. Delays in providing medical care may manifest
11  deliberate indifference. *Estelle*, 429 U.S. at 104–05. To establish a claim of deliberate
12  indifference arising from a delay in providing care, a plaintiff must show that the delay was
13  harmful. *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994); *McGuckin*, 974 F.2d at 1059;
14  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Shapley v. Nev. Bd. of State Prison
15  Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm
16  was substantial; however, such would provide additional support for the inmate's claim that the
17  defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096; *see also McGuckin*,
18  974 F.2d at 1060.

19  **II.    UNDERLYING FACTS**
20      **A.    Introduction**

21  In accordance with Local Rule 260(a), Defendant submitted a statement of undisputed
22  facts ("SUF") in support of their MSJ. (Doc. 83-2.) Plaintiff failed to file a response in
23  opposition to Defendant's motion; reproduce Defendant's SUF and deny those that are disputed;
24  or file a statement of disputed facts. *See* L.R. 260(b); *see also* Fed. R. Civ. P. 56(c). Because
25  Plaintiff failed to address Defendant's assertions of fact properly, the Court considers the
26  Defendant's version of the facts undisputed. Fed. R. Civ. P. 56(e)(3). The following summary of
27  facts are derived from Defendant's SUF, which are supported by declarations of CO Zachary
28  Toon, CO Juan Guevara, Sgt. Matthew Nunley, Sgt. Roger Oliver, and Registered Nurse Jeffrey

Torio.[2] (Doc. 83-2 through 83-8.)

### B. Statement of Undisputed Facts

At times relevant to the complaint, Plaintiff was incarcerated at Fresno County Jail ("FCJ") until he was transferred to Wasco State Prison. (SUF, Doc. 83-2 ¶ 1.)

On May 11, 2018, Plaintiff and several other inmates were involved in a riot at the FCJ, North Jail (NJ), Fourth Floor. (*Id.* ¶ 2.) At the time of the event, Defendant was assigned as Security Officer for the FCJ NJ Fourth Floor and was prohibited from leaving the secured, locked control tower. (*Id.* ¶ 3.) According to Defendant, the control tower is situated separate and apart from inmate housing and use areas. (*Id.* ¶ 5.) When assigned as Security Officer, the CO will not go into the inmate housing and use areas under any circumstances and would not be in the presence of inmates or other officers. (*Id.* ¶ 8.)

At the time of the events alleged by Plaintiff, Defendant did not leave the control tower. (*Id.* ¶ 9.) From the control tower, he saw several inmates, including Plaintiff, engaged in a riot on the FCJ NJ Fourth Floor Pod. (Toon Decl., Doc. 83-4 at ¶ 5.) Defendant used his radio to call for additional officers to respond to the riot, but he did not physically respond to the scene of the riot. (SUF, Doc. 83-2 ¶ 13.) He had no interactions or communications with Plaintiff that day, nor did he witness the events and interactions Plaintiff had with other COs. (*Id.* ¶¶ 6, 9.) Defendant had no knowledge of Plaintiff's alleged injuries. (*Id.* ¶ 10.)

Non-party Jeffrey Torio, a Registered Nurse with Corizon Health Services, was working on May 11, 2018, and was called to the FCJ NJ Fourth Floor to perform medical evaluations on inmates involved in the riot. (*Id.* ¶¶ 14–15.) Immediately following the riot, RN Torio performed a medical evaluation of Plaintiff and medically cleared him to return to his pod. (*Id.* ¶ 16.)

Plaintiff and all other inmates involved in the riot were issued Rule Violation citations, and Defendant's name appears on the citations. (Oliver Decl., Doc. 83-5 at ¶ 8.)

Plaintiff was transferred to Wasco State Prison on May 22, 2018. (Doc. 14 at 6.)

---

[2] For simplicity's sake, the Court will cite to the relevant paragraphs of the SUF, without reference to the supporting declarations.

### III.   DISCUSSION

In their unopposed motion for summary judgment, Defendant has satisfied his burden to show there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The undisputed facts and supporting documents evidence that Defendant was in an isolated secured tower and could not have physically gone to the riot. Other than calling for additional officers to attend to the riot, Defendant played no role in the events of May 11, 2018. Defendant testifies that had seen Plaintiff as one of the inmates involved in the riot, but he had no interaction with Plaintiff, did not speak with Plaintiff, and was not aware of injuries suffered by Plaintiff. (Doc. 83-4 at ¶¶ 5, 8, 10.) Plaintiff failed to dispute Defendant's version of events, and therefore, Defendant has demonstrated there are no genuine issues of material of fact.

Under these circumstances, Plaintiff is unable to prove a claim of medical indifference. Defendant committed no acts or omissions that demonstrate a deliberate indifference to Plaintiff's medical needs. In the complaint, Plaintiff alleges he suffered a ruptured ligament, loss of mobility, arthritis, and deformity of his thumb. All other rioters received medical treatment, but Plaintiff alleges he was not given medical attention for the eleven days he spent at FCJ.

In support of his MSJ, Defendant submits the declaration of RN Torio, who responded to the scene to conduct post-riot medical evaluations on injured inmates. (Torio Decl., Doc. 83-8 at ¶ 6.) Torio performed a medical evaluation of Plaintiff immediately after the riot and described Plaintiff's injuries as minor bruising, minor swelling, and small lacerations to his face. (*Id.* at ¶ 11.) He did not observe, nor did Plaintiff mention, injury to Plaintiff's thumb or head. Torio determined Plaintiff did not require medical treatment and cleared Plaintiff to return to his pod. Torio's account describes non-serious injuries that do not give rise to a medical indifference claim. Moreover, given Defendant Toon's lack of knowledge about Plaintiff's injuries and his non-involvement with medical evaluation and treatment of inmates injured in the riot, Defendant could not have shown deliberate indifference to risk of serious harm to Plaintiff.

In light of Plaintiff's failure to dispute Defendant's evidence and argument, Defendant has demonstrated that there are no genuine disputes of material fact and he is entitled to judgment as a matter of law.

**IV.   CONCLUSION**

Accordingly, it is hereby RECOMMENDED that the Court GRANT Defendant's motion for summary judgment. (Doc. 83.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2023**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE